UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

Case No.: EDCV 08-1781-AET(CTx)                    Date: March 9, 2010

Title:     ROBERT RIEDEL v. COUNTY OF RIVERSIDE, et al.
==================================================================
DOCKET ENTRY:
==================================================================
PRESENT:        Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

                Deborah Malone                    _____
                Deputy Clerk                          Court Reporter

    ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:
            None present                                None present

PROCEEDINGS:    (ORDER DENYING WITHOUT PREJUDICE PARTIES' REQUEST TO
                SIGN PROTECTIVE ORDER REGARDING DISCLOSURE OF
                INFORMATION FROM LAW ENFORCEMENT PERSONNEL RECORDS)

     The parties' request for the court to sign a stipulated
protective order has been referred to the magistrate judge and is
**DENIED WITHOUT PREJUDICE.**

     The court declines to sign the proposed stipulated protective
order for the reasons set forth below. The parties are advised to
take the following into consideration before submitting a stipulated
proposed protective order to the court:

1.   Confidential material should be narrowly and specifically
     defined and supported by good cause for purposes of a protective
     order sought from the court. See Fed. R. Civ. P. 26(c); Foltz
     v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.
     2003)("[a] party asserting good cause bears the burden, *for each
     particular document* it seeks to protect, of showing that
     specific prejudice or harm will result if no protective order is
     granted")(citations omitted)(emphasis added); see also Seattle
     Times v. Rhinehart, 467 U.S. 20, 37 (1984)(protective order does
     not offend the first amendment where it is "*entered on a showing
     of good cause as required by Rule 26(c)*, is limited to the
     context of pretrial civil discovery, and does not restrict the
     dissemination of the information if gained from other
     sources")(emphasis added).

     Consequently, so that it is clear to the court and any party or
     nonparty seeking to challenge the confidential designation of
     any documents covered by a protective order, the parties should
     identify the specific documents, categories of documents, or
     portions of documents to be deemed confidential in a meaningful
     fashion and indicate what specific prejudice or harm will result
     if no protection is granted for those particular documents or
     information.

The parties have not made this showing here. It appears to the court that the harm defendants seek to avoid could be avoided if some or all of the materials at issue were exchanged in redacted form (e.g., by deleting the names, addresses, and other personal identifying information of any third-party referred to in the requested police files). (See, e.g., Stip. ¶ 1.) The parties should consider whether they might agree to such a production, or whether they can enter into a confidentiality agreement among themselves, obviating the need for a protective order from the court. Furthermore, the parties should ensure that the documents for which they seek protection are not part of the public record.

2. A protective order sought from the magistrate judge applies only to information exchanged in discovery and other proceedings before the magistrate judge, and any proposed order submitted for the magistrate judge's signature should so state. The proposed order purports to cover, for example, testimony given at trial and post-judgment matters. (See, e.g., Stip. ¶¶ 8, 9). To the extent the parties wish to have a broader protective order that covers matters beyond discovery, they should submit such a request for a proposed stipulated protective order to the district judge. The magistrate judge suggests that if the parties wish to submit a broader order to the district judge, they clearly state in the caption that the request *is not limited to discovery and is for consideration by the district judge* so the request will not be routed to the magistrate judge.

3. In general, once a case proceeds to trial, all the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless an appropriate showing is made to the district judge in advance of the trial to proceed otherwise.

4. A proposed stipulated protective order must make clear that the court and court personnel are not required to comply with the provisions of the order. (See Stip. ¶ 3.)

5. Furthermore, the parties are advised that the magistrate judge's civil contempt authority is limited, (see Stip. ¶ 8). 28 U.S.C. § 636(e).

**IT IS SO ORDERED.**

cc: Judge Thompson

Gene H. Shioda, Esq.
Gene H. Shioda Law Offices
5757 W. Century Blvd, Suite 700
Los Angeles, CA 90045

Paul E. Maineri, Esq.
Paul E. Maineri Law Offices
25109 Jefferson Avenue Suite 110
Murieta, CA 92562

Jeffery A. Morris, Esq.
Stutz, Artiano, Shinoff and Holtz
41593 Winchester Road Suite 118
Temecula, CA 92590

John M. Porter, Esq.
Lewis, Brisbois, Bisgaard & Smith, LLP
650 East Hospitality Lane, Suite 600
San Bernardino, CA 92408

| **MINUTES FORM 11** | **Initials of Deputy Clerk**_____ |
|---|---|
| **CIVIL-GEN** | |