NOT FOR PUBLICATION

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OFCALIFORNIA
Eastern Division - Riverside

Robert RIEDEL,

    Plaintiff,

v.

CITY OF MURRIETTA; MURRIETA
POLICE DEPT.; COUNTY OF RIVERSIDE;
RIVERSIDE COUNTY SHERRIF; OFFICER
K. CHIVINGTON; and DOES 1 to 10,

    Defendants.

Case No. 5:08-cv-1781

OPINION

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon Defendant County of Riverside's Motion for Summary Judgment [docket # 23]. The Court has decided the motion upon consideration of the parties' written submissions, without holding oral argument. For the reasons given below, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This lawsuit concerns allegations of battery and use of excessive force by officers in the Murrieta Police Department and the Riverside Sheriff's Department. On the evening of December 31, 2007, Plaintiff Robert Riedel and his neighbors were shooting off fireworks in their front yards in Murrieta, California, in the County of Riverside, when the local fire department responded. (Decl. Robert Riedel ¶ 4.) Sometime shortly thereafter, officers from the Murrieta Police Department arrived and arrested Plaintiff for being drunk in public. (Id. ¶¶ 3, 5.)

---

[1] The Honorable Anne E. Thompson, Senior United States District Judge for the District of New Jersey, sitting by designation.

The police then transported Plaintiff to the Southwest Detention Center, which is operated by the County of Riverside Sheriff's Department. (*Id.* ¶ 5.) A group of officers then escorted Plaintiff to the center's intake area, where a video camera and microphone recorded what transpired.[2]

The recording commences at approximately 9:00 pm on the evening of December 31, 2007. At about 9:05 pm a female voice answers a phone call and speaks to a person who is presumably the officer who transported Plaintiff to the Southwest Detention Center. She states that the center will get together a "welcoming committee" for Plaintiff, and then tells officers at the detention center that "we need a welcoming committee." At about 9:05 and 40 seconds, five officers leave the intake area. At 9:08 pm, the five officers escort Plaintiff into the intake area. He is pushed up against the glass entry door before being escorted into the intake room itself. After being escorted into the intake area, Plaintiff is held by several officers with his hands behind his back while he is pressed up against a high counter that runs down the middle of the intake area. Two officers stand behind the counter and ask Plaintiff various questions. While being questioned by the officers behind the counter, Plaintiff complains about how he is being held, swears at the officers, and tries to incite the officers to beat him up. Toward the conclusion of the intake process, Plaintiff's pockets are searched, he is fingerprinted once, and he signs several forms. Plaintiff is then handcuffed and led out of the intake area (away from the camera and microphone) at 9:17 pm.

The parties agree that Plaintiff was then placed in a "sobering cell" at the detention center, where he continued to rant at the officers. (Decl. Robert Riedel ¶ 10.) Thereafter, the officers removed Plaintiff from the cell. What happened during that removal is the subject of some dispute. The officers involved testify that they moved Plaintiff to another room for

---

[2] Both parties have produced this video to the Court. It is labeled as "Exhibit 166" to Defendant's Motion for Summary Judgment and as "Exhibit A" to Plaintiff's opposition brief.

additional fingerprinting and that during this move, Plaintiff, while not handcuffed, became belligerent toward the officers. (Decl. Ismael Gomez; Decl. Saun Jackson; Decl. Richard Laugel; Decl. Frank Rice.) As a result, the officers testify, it was necessary to bring Plaintiff to the ground. (*Id.*) During this scuffle, Plaintiff sustained a laceration above his eye. (*Id.*) Plaintiff, by contrast, contends that he "fully complied" with the officers' instructions but that the officers beat him anyway. (Decl. Robert Riedel ¶¶ 11, 14.) He claims he "sustained injuries to [his] left eye, right side of the head, chin, body, back, spine, arms and various other injuries as a result of the beating from the officers outside the cell and during the intake process." (*Id.*) The audio component of the recording confirms the fact that Plaintiff suffered an injury, as one of the officers can be heard saying, "Shut your mouth while we clean your wound."

On December 5, 2008, Plaintiff filed this lawsuit against the City of Murrieta, the Murrieta Police Department, the County of Riverside, and the officer who initially arrested Plaintiff, Kent Chivington, alleging battery under state law and use of excessive force in violation of the Fourth Amendment. The County of Riverside is now the only remaining Defendant, and it has filed for summary judgment, arguing that there is insufficient evidence to support a finding of either battery or excessive force and that there is no basis for holding the County responsible for any of the individual officers' constitutional violations.

## ANALYSIS

### I. Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More specifically, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. Accordingly, if the movant's motion is supported by facts, the party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

While a party moving for summary judgment must, of course, produce evidence supporting those elements essential to its case, it is not obliged to produce evidence specifically disproving those elements essential to its adversary's case. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Properly applied, Rule 56 will "isolate and dispose of factually unsupported claims or defenses" before those issues come to trial. *Id.* at 323-24.

II. <u>Excessive Force</u>

A police officer violates the Fourth Amendment if, in the course of effecting an arrest, he or she uses more force than is objectively reasonable under the circumstances. *Scott v. Harris*, 550 U.S. 372, 381 (2007). To determine if a Fourth Amendment violation has occurred, the Court must "balance the extent of the intrusion on the individual's Fourth Amendment rights against the government's interests." *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010). This entails a three-step test: (1) assessing the severity of the intrusion, (2) assessing the countervailing interests of the government, and (3) balancing the gravity of the